IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN CHRISTIE,

        Plaintiff,        Civil No. 07-610-AA

        v.               ORDER

MAX WILLIAMS, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate at the Eastern Oregon Correctional Institution filed a complaint under 42 U.S.C. § 1983 and now moves to proceed *in forma pauperis* (#1). An examination of the application reveals that plaintiff has the sum of $149.72 in his inmate trust account.

1 - ORDER

Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915 (b)(1)), a prisoner proceeding *in forma pauperis* is required to pay the full civil filing fee when funds exist. Plaintiff has authorized the agency having custody of him to collect payments towards the "full filing fee of $150 for a prisoner civil rights complaint ... ."

Plaintiff is advised that the civil filing fee has been increased to $350. Therefore, in order to proceed, plaintiff shall notify the court within 30 days of the date of this order whether or not he authorizes the withdrawal of the full filing fee of $350 from his prison trust account.

Plaintiff is advised that if he authorized the payment of the fee he will be obligated to make an initial partial filing fee payment and then monthly payments of 20 percent of the preceding month's income credited to his trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $350 is paid in full.

If plaintiff declines to authorize the withdrawal, or if he fails to respond to this Order within 30 days, he will not be charged a filing fee and his case will be dismissed without

2 - ORDER

prejudice.

Plaintiff is advised that failure to notify the court within 30 days as directed herein will result in the dismissal of this action for failure to prosecute.

Plaintiff is further advised that a pro se plaintiff cannot represent a child in court. See, Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (holding that a parent cannot bring an action on behalf of minor children without retaining a lawyer); and Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that while a non-attorney may represent himself, he has no authority to appear as an attorney for others). Thus, if plaintiff chooses to proceed, he may proceed with claims based on alleged violations of his constitutional rights only, and not on behalf of the other putative plaintiffs (his minor children) named in the complaint before the court.

DATED this 4 day of May, 2007.

_Ann Aiken_
Ann Aiken
United States District Judge

3 - ORDER